The Chief Justice
delivered the opinion.
This was an action of assumpsit, upon a special agreement, alledged in the declaration. Non-assumpsit was pleaded; and on the trial of the cause, the plaintiff offered in evidence a written agreement, signed, but not sealed, by the parties, comporting, in substance, with the agreement stated in the declaration.
To the reading of the written agreement in evidence, notwithstanding there was proof of its execution, the defendant objected; but the court overruled the objection, and admitted the writing to be read as evidence.
To this opinion of the court the defendant excepted, and a verdict and judgment was rendered against him; to which he prosecutes this writ of error.
According to the principles of the common law, the written contract was unquestionably admissible evidence in support of the assumpsit alledged in the declaration; for the writing was not per se the ground of an action, but merely evidenceof an agreement upon which the action of assumpsit was the proper remedy. But by the 8th section of the “act to amend the law of proceeding in civil cases," passed at session of 1811, it is enacted “that all writings hereafter executed without seal or seals, stipulating for the payment of money or property, or for the performance of any act or acts, duty or duties, shall be placed upon the same footing, with sealed writings containing the like stipulations; receiving the same consideration in all courts of justice, and to all intents and purposes, having the same force and effect, and upon which the same species of action may be founded as if sealed.”
The instrument in question in this case was executed after the passage of the above act, and by the operation of the section just recited, it must stand upon the “same footing, receive the same consideration, and to all intents and purposes, have the same force and effect as if it had been a scaled instrument or specialty.
Hardin and Wickliffe for appellants, Bibb and Talbott contra.
Thus considered it must like a specialty be per se the foundation of the action, and cannot be admitted as evidence in support of an action founded upon the simple contract.
In truth it merges or extinguished the simple contract, and no action can be maintained upon the latter.
The judgment reversed with costs, and the cause remanded for proceedings to be had, not inconsistent with the foregoing opinion.